UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN CRAIG,  CIVIL NO. 03-5279 (MJD/JSM)

    Plaintiff,

v.  REPORT AND RECOMMENDATION

PILLSBURY PENSION PLAN, et al.,

    Defendants.

    JANIE S. MAYERON, U.S. Magistrate Judge

    The above matter came on before the undersigned upon plaintiff's Motion for Attorney's Fees and Costs [Docket No. 47]. Plaintiff's motion was decided on the papers.[1] This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## DISCUSSION

    This matter involves a dispute under the Employee Retirement Income Security Act ("ERISA"), as to whether certain bonus payments received in 2001 by plaintiff John D. Craig from GuinessUDV, Inc. should be taken into account when calculating his non-qualified pension benefit under the Pillsbury Non-Qualified Pension Plan. On February 8, 2005, this Court issued a Report and Recommendation on February 8, 2005 [Docket No. 35], granting summary judgment in favor of plaintiff. United States District Court

---

[1]   See May 12, 2005 Order [Docket No. 56].

Judge Michael J. Davis adopted this Court's Report and Recommendation on March 29, 2005. See Docket No. 40.

Defendants subsequently filed their notice to of Appeal to the Eighth Circuit on April 26, 2005. See Docket No. 44. Plaintiff now seeks attorney fees and costs in the amount of $108,375.05 pursuant to 29 U.S.C. § 1132(g)(1), which provides: "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." A review of the parties' submissions shows that plaintiff's claim for attorney's fees and costs will amount to a second major litigation in this matter. In addition, given that this matter is up on appeal before the Eighth Circuit and the parties are in disagreement on who will ultimately prevail, any decision on plaintiff's request for fees and costs under ERISA may be a needless waste of judicial resources and a potential exercise in futility. See, e.g., National Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir.1988) (approving a district court's delay in the determination of costs and attorney's fees pending an appeal). As such, this Court recommends denial of plaintiff's motion for attorney's fees and costs without prejudice. In the event that plaintiff prevails on the appeal, he may re-file his motion for attorney's fees and costs.

**RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 47] be **DENIED** without prejudice.

Dated:       December 28, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **January 13, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.